IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GUADALUPE ALEJANDRO FELIX-POLENDO, a/k/a ALEJANDRO GUADALUPE FELIX;<br>ALEX DAYYAN FELIX-YANEZ,<br>a/k/a ALEX FELIX YANEZ DAYYAN;<br>and TERRI LEE WIEDEMAN,<br>a/k/a TERRI LEE WIEDEMEN | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violation:  21 U.S.C. § 846; and 18 U.S.C. §§ 1956(h) and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2016 and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, Missouri, California, and elsewhere,

GUADALUPE ALEJANDRO FELIX-POLENDO,
a/k/a ALEJANDRO GUADALUPE FELIX;
ALEX DAYYAN FELIX-YANEZ,
a/k/a ALEX FELIX YANEZ DAYYAN; and
TERRI LEE WIEDEMAN,
a/k/a TERRI LEE WIEDEMEN,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Missouri, California, and elsewhere;

2.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities; and

4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy to Conceal and Disguise Nature, Location, Ownership, and Control of Proceeds of Specified Unlawful Activity**

The Grand Jury Further Charges:

From in or about January 2016 and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, Missouri, California, and elsewhere,

GUADALUPE ALEJANDRO FELIX-POLENDO,
a/k/a ALEJANDRO FELIX POLENDO;
ALEX DAYYAN FELIX-YANEZ,
a/k/a ALEX FELIX YANEZ DAYYAN; and
TERRI LEE WIEDEMAN,
a/k/a TERRI LEE WIEDEMEN,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly and intentionally conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(h) and 2.

3

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy gathered United States currency together that was derived from the sale of controlled substances;

2. During the course of and to further said conspiracy, members of the conspiracy used bank accounts to deposit drug proceeds in North Dakota and Minnesota to transfer currency to branch banks in other states where it was withdrawn; and

3. The purpose of transferring currency using the above-described methods was to conceal and disguise the nature, source, ownership, and control of the proceeds of drug trafficking;

In violation of Title 18, United States Code, Sections 1956(h) and 2.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

BMS:ld